

FILED

SEP 2 6 2025

Clerk, U. S. District Court
Eastern District of Tennessee
At Knoxville

| | | |
|---|---|---|
| Lauritzen Bulkers A/S, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No.: |
| v. | § | |
| | § | IN ADMIRALTY, Rule 9(h) |
| Twin Pines Minerals, LLC, | § | |
| | § | |
| Trail Ridge Land, LLC, and | § | |
| | § | |
| Steven R. Ingle, | § | |
| | § | |
| Defendants, | § | |
| | § | |
| and | § | |
| | § | |
| SmartBank, | § | |
| | § | |
| Garnishee. | § | |

## VERIFIED COMPLAINT WITH REQUEST FOR ISSUE OF
## PROCESS OF MARITIME ATTACHMENT AND GARNISHMENT

Lauritzen Bulkers A/S ("Lauritzen") brings this action against Defendants Twin Pines Minerals, LLC ("TPM"), Trail Ridge Land, LLC ("Trail Ridge"), and Steven R. Ingle *quasi in rem*, pursuant to Supplemental Rule B for Certain Admiralty and Maritime Claims, requesting the issue of process of maritime attachment and garnishment, including against Garnishee, and states as follows:

### Jurisdiction and Venue

1.      This is an action within this Court's admiralty jurisdiction pursuant to 28 U.S.C. § 1333 and is an admiralty or maritime claim within Fed. R. Civ. P. 9(h).  Lauritzen further brings the action pursuant to 9 U.S.C. §§ 1, 8 for security for arbitration which Lauritzen initiated

against TPM in London pursuant to a contract of affreightment/vessel charterparty between Lauritzen and TPM, as more fully detailed below.

2.     Venue is proper in this District because Garnishee(s) can be found, including with their resident agent(s), in this District, therefore TPM's and/ or Trail Ridge's property also is located in this District.

3.     Defendants cannot be found in this District within the meaning of Supplemental Rule B.  Specifically, Defendants have no known officers, owners, managers, or other affiliates which are residents of this District, or which have any of their offices in this District. Defendant Ingle is an individual who resides in Arley, Alabama.

4.     Lauritzen brings this action for payment of amounts due and owing from TPM arising out of a charterparty for the ocean transport of cargo.

### Parties

5.     Plaintiff Lauritzen is a corporation duly organized and existing under the laws of Denmark, with its offices and principal place of business in Copenhagen, Denmark.

6.     Defendant TPM is a limited liability company organized under the laws of Delaware with its principal place of business located at 2100 Southbridge Parkway, Suite 540, Birmingham, AL 35209.

7.     Defendant Trail Ridge is a limited liability company organized under the laws of Delaware.  Trail Ridge has a principal office address of 2100 Southbridge Parkway, Suite 540, Birmingham, AL 35209.

8.     Defendant Steven R. Ingle is an individual residing in Arley, Alabama and the President of TPM and Trail Ridge.

2

9.     Garnishee SmartBank is a Tennessee for-profit corporation – bank - with its principal office and resident agent located in Pigeon Forge, TN - in this District - which, on information and belief, as detailed below, Lauritzen reasonably believes holds accounts or property of and/or owing to TPM and/or Trail Ridge.

### Alter Ego Relationship Among Defendants

10.     Upon information and belief, Defendants carry out business operations as if they are operating as one entity and are alter egos of each other.

11.     Defendants have overlapping officers, directors, and/or employees, including:

   a.  Steven R. Ingle is the President of TPM.  He is also the President and Manager of Trail Ridge.

   b.  Clifford Dean Nixon, Sr. is a Manager of TPM and Trail Ridge.

   c.  Holly Scott – listed in TPM's various filings with the Georgia Secretary of State as a Manager, and as an Authorized Person– also submitted filings with the Georgia Secretary of State on behalf of Trail Ridge as an Authorized Person.

12.     Defendants TPM and Trail Ridge have a common office space and address.  Both Defendants list 2100 Southbridge Parkway, Suite 540, Birmingham, AL 35209 as a principal place of business in Georgia Secretary of State, Corporation Division, records.  This location is where both Defendants' "Company's Records Are Maintained."

13.     TPM's California business registration lists its Principal Address and Mailing Address of 4599 East Lake Blvd, Birmingham, AL 35217.  TPM changed its address in CA records from 2100 Southbridge Parkway, Suite 540, Birmingham, AL 35209 to 4599 East Lake Blvd, Birmingham, AL 35217 in December 2022.  Trail Ridge also used the address of 4599

3

East Lake Blvd, Birmingham, AL 35217 in Georgia land records recording June 2025 and August 2025 sales of real property.

14.     Despite listing principal place of business and office addresses in Alabama, Trail Ridge is not registered to conduct business in Alabama.  Only TPM is registered in Alabama.

15.     The Defendants use a common email domain - @twinpinesminerals.com  - and commingle official company correspondence within that domain.  Specifically, Trail Ridge's Georgia "Application for Certificate of Authority For Foreign Limited Liability Company," lists its "primary email address" as "single@twinpinesminerals.com".  TPM's Georgia "Application for Certificate of Authority For Foreign Limited Liability Company," lists its "primary email address" with an @twinpinesminerals.com domain.

16.     Defendants entered a "cross-collateralization and cross-default agreement," on December 10. 2018, thereby guaranteeing the debts of the other.  In the agreement Defendants – as Borrowers – agreed "[e]ach of the Borrowers is an affiliate of the other Borrower and has received a direct and material benefit from each of the Loans made by Lender to the other Borrower.  Lender is willing to make or extend loans to Trail Ridge only if each Borrower enters into this agreement."

17.     Clifford Dean Nixon, Sr. executed the "cross-collateralization and cross-default agreement" on behalf of both Defendants, as the Manager of each.

18.     Defendant TPM submitted an "Application for Surface Mining Permit" to Georgia Department of Natural Resources to conduct mining activity on land owned by Trail Ridge.

19.     Defendants were undercapitalized.  The Georgia Environmental Protection Division notified TPM on or about February 2024 that it needed to set aside $2 million for future

4

restoration of the mining site. TPM never set aside that funding from notification until Trail Ridge entered into an agreement to sell the Georgia real property in 2025.

20.     In March 2025, M and L Commodities (M&L) filed litigation against TPM, Trail Ridge, and others in the Superior Court of the State of California, County of San Joaquin, Case No. STK-CV-UBC-2025-0003646, generally alleging that TPM and Trail Ridge were alter egos and fictitious business names of a third entity - Green Fuels LLC. M&L also alleged Twin Pines and Trail Ridge were undercapitalized as of the date of their formation, and continued to be undercapitalized as of its filing.

21.     M&L's complaint detailed an August 2021 Storage and Handling Agreement between itself and TPM. M&L alleged TPM stopped paying amounts due under Storage and Handling Agreement in 2023, resulting in debt owed to M&L by TPM. TPM and M&L converted the outstanding debt into a Loan Obligation ("Note") on August 16, 2024. The Note also listed Steven Ingle in personal capacity. Also, on or about August 16, 2024, Trail Ridge executed a separate agreement – "Covenant To Pay Secured Promissory Note," - covenanting to pay the debt owed under TPM's Note. Steven R. Ingle – as President - executed the "Covenant To Pay Secured Promissory Note" on behalf of Trail Ridge "By its Managing Member, TWIN PINES MINERALS, LLC." Finally, in September 2024, Trail Ridge executed a, "Mortgage and Security Agreement." Steven Ingle executed the "Mortgage and Security Agreement" on behalf of the Managing Member of Trail Ridge, TPM. Through the "Mortgage and Security Agreement," the Note was secured by real property owned by Trail Ridge in Georgia.

22.     Defendants disregard the corporate form of TPM and Trail Ridge to the extent each is actually carrying on business and operations as one joint entity. Defendants are alter egos, each liable for the debts of the other.

5

## Facts

23.    On or about July 11, 2022, Lauritzen, as vessel owners, entered into a 14-month charterparty (herein "original charterparty") with defendant TPM, as charterer, for the ocean transport of 12 cargos (specifically, ilmenite sand) from Stockton, California to various foreign ports.  On or about December 27, 2022, TPM and Lauritzen extended the terms of the charterparty for an additional 13 cargos over 15 months (herein "extended charterparty").

24.    TPM breached the charterparty.  Specifically, TPM – in violation of the agreed-upon terms – failed to nominate and load three cargos under the original charterparty.  Further, TPM failed to nominate and load all thirteen cargoes under the extended charterparty.

25.    As a result of TPM's breach of the charter party – original and extended – Lauritzen suffered damages in the amount of at least $6,361,261.00.  Lauritzen has incurred, and continues to incur damages, costs, and expenses for which TPM is liable.

26.    Despite repeated demands, TPM has failed to pay the amounts due and owing to Lauritzen.

27.    The terms of the charterparty provides for disputes to be adjudicated by London arbitration.  Lauritzen commenced London arbitration against TPM, and it is ongoing.

28.    This action is brought to obtain security for Lauritzen's claims against TPM in the London arbitration, in addition to Lauritzen's anticipated attorney and arbitrators' fees and costs, plus interest.  Specifically, as follows:

*Principal Claim:* $6,361,261.00

6

*Estimated Interest:* $2,771,151.84 (compounded interest for a period of five years (estimated length of London arbitration) at 7.5%)

*Estimated* Attorneys' and Arbitration Fees and Costs: $250,000.00

**Total Security Claim: $9,382,412.84.**

29.     Lauritzen also filed an action in the District of Colorado, *Civil Action No.* 1:24-cv-03000-SBP, against TPM to obtain security for its London arbitration.  The District of Colorado issued a summons and process of attachments which included real property located at 3030 South Vallejo Street, Englewood, Colorado 80110 (ECF -8) upon which a *lis pendens* was also filed (ECF-14).

30.      Lauritzen also filed an action in the District of Utah, *Civil Action No.* 2:25-cv-00442-RJS-JCB, where the Court ordered proceeds of the sale of real property owned by TPM to be paid into the registry of the Court.

31.     Lauritzen continues its efforts here – and in other jurisdictions as appropriate - to ensure its London arbitration claim is adequately secured.

### Specific Allegations – Garnishee – SmartBank

32.     Upon information and belief, TPM has a banking relationship with SmartBank. Lauritzen, therefore, reasonably believes that SmartBank has accounts / funds due and owing to TPM and/or Trail Ridge.

### Count I – Breach of Maritime Contract – Security for Arbitration

33.     Lauritzen incorporates the above paragraphs as if fully set forth herein.

34.     TPM breached its maritime contract with Lauritzen and caused Lauritzen damages, which are subject to London arbitration, for which Lauritzen seeks security by way of funds and other property held by Garnishee, as demanded below.

7

### Count II – Maritime Attachment and Garnishment (Rule B)

35.  Lauritzen incorporates the above paragraphs as if fully set forth herein.

36.  Lauritzen seeks issue of process of maritime attachment and garnishment so that it may obtain security for its claims in arbitration.

37.  Full security for Lauritzen's claims has not been provided by TPM, Trail Ridge, Steven Ingle or anyone acting on its behalf.

38.  Defendants cannot be found within this district within the meaning of Rule B, but are believed to have, or will have during the pendency of this action, property and/or assets in this jurisdiction, namely, accounts owed Defendants by Garnishee(s).

### Prayer for Relief

WHEREFORE, Lauritzen prays:

A.  That, in response to Count I, process of maritime attachment and garnishment be issued to garnish and attach property of Defendants in the principal amount of at least **$9,382,412.84** as detailed above, upon that total amount being garnished and attached, this action to be stayed, and the amount to await final award in arbitration and judgment entered on such award by this Court;

B.  That, in response to Count II, since Defendants cannot be found within this District pursuant to Supplemental Rule B, this Court issue an Order directing the Clerk to issue Process of Maritime Attachment and Garnishment pursuant to Rule B attaching all of Defendants' tangible or intangible property or any other funds held by any garnishee, including but not limited to SmartBank, up to the amount of at least the amount demanded herein to secure Lauritzen's claims, and that all persons claiming any interest in the same be cited to appear and, pursuant to Supplemental Rule B, answer the matters alleged in the Verified Complaint;

8

C.    That, pursuant to Supplemental Rule B(a)(b), the Clerk issue supplemental

process enforcing this Court's Order to issue the Rule B writs upon application without further

Court order; and

D.    That this Court award Lauritzen such other and further relief that this Court

deems just and proper.

Dated: September 26, 2025.

J. Stephen Simms, (*pro hac vice* pending)
MD License Number: 8512010574
Simms Showers LLP
201 International Circle, Suite 230
Baltimore, Maryland 21030
Telephone: 410-783-5795
jssimms@simmsshowers.com

Counsel to Lauritzen Bulkers A/S

9

## **VERIFICATION**

I am a Principal of the law firm Simms Showers LLP, counsel to Lauritzen Bulkers A/S ("Lauritzen").

The facts alleged in the foregoing complaint are true and correct to the best of my knowledge and information based upon the records of Lauritzen made available to me by Lauritzen, including other litigation detailed herein. Lauritzen's authorized officers are not readily available in this District to make verifications on Lauritzen's behalf. I am authorized to make this verification on Lauritzen's behalf.

I further certify that, pursuant to Supplemental Rule B, I caused a search to be made of electronic records and Directory Assistance for addresses and telephone numbers in this District. There is no general or resident agent authorized to accept service of process for Defendants, in this District.

> Pursuant to 28 U.S.C. § 1746(1), I declare under penalty of perjury that the foregoing is true and correct.
>
> Executed on September 26, 2025.
>
> J. Stephen Simms, (*pro hac vice* pending)
> Simms Showers LLP
> 201 International Circle, Suite 230
> Baltimore, Maryland 21030
> Telephone: 410-783-5795
> jssimms@simmsshowers.com